FILED
CLERK, U.S. DISTRICT COURT

FEB 1 4 2023

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION BY DEPUTY

**UNITED STATES
EASTERN DISTRICT COURT OF CALIFORNIA**

Anthony Parker, Plaintiff
v.
Staysail Properties LLC. et. al
Defendants

**DEMAND FOR JURY TRIAL**

LACV23-01196-MWF(ADSx)

No CV30

**PLAINTIFF**, Anthony Parker, complaining of the Defendants, alleges and says:

### JURISDICTIONAL STATEMENT AND PARTIES

Plaintiff Anthony Parker (hereinafter "Plaintiff") is a citizen and resident of Tennessee residing in Rutherford County.

1.  Defendants Staysail Properties LLC and all employees of Management Marketing Concepts, Inc. are registered in the State in Tennessee to conduct business within the state and at all times relevant herein operates within the state of California and Tennessee.

2.  Defendants at all times material to this complaint, Headquarters located at 156 Golden Hind Passage, Corte Madera, CA. 94925

3.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 1343.

4.  Venue is proper under 28 U.S.C. §1391(b) and 42 U.S.C.§2000e-5(f)(3) as the alleged US Constitutional violations committed within the State of Tennessee and Defendants' have contacts that are sufficient to subject it to personal jurisdiction within the Eastern District of California thereof.

5.  At all times herein mentioned, Defendant was the lessor within the meaning of The Fair Housing Act of 1968, and as such was prohibited from discriminating in Housing on the basis race, religion, national origin and/or retaliation thereof.

6.  The alleged wrongs and damages described herein occurred in Rutherford County, Tennessee.

7.  On or about June 6, 2022, Plaintiff filed a charge of discrimination with the Nashville Tennessee District Office of the U.S. Department of Housing and Urban Development ("HUD"), HUD Charge No. 04-22-1733-8, alleging discrimination based on Plaintiff's race and age and retaliation by the Defendant ( A copy is attached hereto as Exhibit A and incorporated by reference).

8.  Plaintiff's HUD charge was timely filed within one hundred eighty (180) days after

the alleged unlawful housing practices first occurred, satisfying the requirement of 42 U.S.C. § 2000e-5(b) and (e) with HUD.

9. On February 2, 2023, the HUD issued a notice of Right to Sue to Plaintiff in the matter. of HUD Charge No. 04-22-1733-8, which were received within ninety (90) days of the filing of this action by the Plaintiff (A copy is attached here to as Exhibit B and incorporated by reference).

10. Plaintiff has complied with all jurisdiction and procedural requirements of The Fair Housing Act before initiating this proceeding.

11. The alleged wrongs and damages described herein occurred in Murfreesboro Rutherford County, Tennessee.

12. Plaintiff has complied with all jurisdiction and procedural requirements of the State of California Constitution, Tennessee Constitution, and US Constitution.

## STATEMENT OF FACTS

13. The allegations contained in preceding paragraphs of the Complaint are re-alleged and incorporated by reference as though fully set forth herein.

14. Plaintiff Anthony Parker, Black male over 60 years old and 2-year rental tenant of Defendant.

15. On July 1, 2020, moved into Defendants apartment located at 1434 East Main St. #24, Murfreesboro, Tennessee 37130

    a. Signed year lease agreement,

16. Inspection of apartment contained severe water damage to toilet and bathroom molding.

    a. Carpet damaged throughout apartment, Air Conditioner not working, and infested with roaches.

17. July 10, 2020, completed and submitted signed Inventory and Condition form to Defendant,

18. Defendant, Hunter Meredith in 2021 during a maintence visit for roaches, said "I DON'T SEE EVIDENCE OF ROACHES." I immediately presented one of many glue traps full of roaches.

19. Reported neighbors feeding stray cats and letting dogs run lose without leash.

    a. Pet owners leaving excrement on sidewalk, included in maintence report,
    b. No handicap parking designation on property

20. In March 2022 Defendant evicted a 30-year tenant, a handicapped white male tenant.

21. In April 2022, Defendant evicted a 20-year tenant, white female.

22. May 11, 2022, Plaintiff received email to vacate property at end of lease on June 30, 2022,

23. May 11, 2022, Plaintiff responded to email asking if I violated terms of lease.

24. Defendant Hunter Meredith responded Plaintiff Anthony Parker made over 18 maintenance complaints as reason lease was not renewed.

      a. Retaliation reason not to renew lease,

25. May 11, 2022, Defendant said Plaintiffs' apartment was not in livable condition,

26. May 11, 2022, Plaintiff sent email requesting availability to move to another vacant apartment managed by MMC Properties

      a. Hunter Meredith said no apartment available,
      b. Hunter Meredith habitually sent threatening emails,

27. June 2022, Defendant Paige habitual sent threatening emails in retaliation for Plaintiff referencing a court case providing Plaintiff 6 months to find another apartment,

28. June 2020 sent email reply of apartment rental to Management & Marketing Concepts Inc. (MMC) having available 1 bedroom apartment.

29. June 11, 2022, filed HUD complaint for discrimination.

      a. The Fair Housing Act of 1968 prohibited discrimination concerning the sale, rental and financing of housing based on race, religion, national origin, or sex.

30. June 2022 apartments #22 & #25 unoccupied, located at 1434 E. Main St. Murfreesboro, Tennessee, owned by Defendant.

31. June 2022, after filing HUD discrimination complaint, Saadie Williams, Tennessee Human Relations Housing Coordinator, attempted to mediate an agreement for an extension to vacate properties with Defendant MMC Properties. Defendant refused to extend time to evacuate property.

32. About August 2022, Plaintiff signed lease for new more expensive apartment.

*DEFENDANT'S POSITION STATEMENT, June 29, 2022*

33. Hunter Meredith dated May 11, 2022. "The changes will make the units more livable," also "During your two-year residency you consistently reported a roach problem. We have treated the unit approximately 18 times over the last year."

34. P.2, 2nd ¶, Respondent, "Mr. Parker was asked to move because Respondent planned to (1) renovate Unit 24: (2) raise rental rates in order to be consistent with increasing rental rates: and (3) repair any alleged deficiencies to unit 24. According to lease agreement attached,"

35. P. 3, 1st¶, Respondent, "In other words, Respondent did not discriminate against Mr. Parker based on race, gender, or color as they sent the exact same non-renewal to a white male (Unit 26) and a white female (Unit 22)." However, tenant in unit #26, white male, handicapped having one hand since birth; a 30-year tenant of same apartment. The tenant in unit #22 white female and tenant for over 20 years. The discriminatory nexus all 3 tenants belong to protected class under federal and state law.

36. P.3, 2nd ¶, "to look at any other properties we have available that fit your needs," Here offered apartment but no apartment available to Plaintiff.

*RENTAL LEASE AGREEMENT*

37. Section 26 of lease: '…. except for condition material affecting the health or safety of ordinary persons. We disclaim all implied warranties. You'll be given an Inventory and Condition form on or before move-in. You must note on the form all defects or damage and return it to our representative. Otherwise, everything will be considered to be clean, safe, and good working condition." Defendant stated Plaintiff reported roach infestation 18 times.

38. Section 27 of lease, "and other conditions that pose a hazard to property, health or safety."

39. Upon information and belief, similarly, situated Persons have been the subject of housing discrimination and denial of constitutional rights. The Defendants harassed, intimidated, threaten, and discriminated against Plaintiff. The Defendant Staysail Properties delegated the discriminatory practices to Management & Marketing Concepts, Inc.

40. Upon information and belief, Defendant did not take any prompt remedial measures or take any corrective action to protect the Plaintiff from housing discrimination whereas Defendants aware of legal procedures in the State of Tennessee.

41. Defendants, Staysail Properties LLC is vicariously liable for the acts of its employees, officers, and agents thereof, including but not limited to Management & Marketing Concepts, Inc.

**FIRST CAUSE OF ACTION**
804(a)-(b) of Title VIII of the CIVIL Rights Act of 1968 as amended by the
Fair Housing Act of 1988 & Section 4-21-601(a)(1)-(2) of the Tennessee Human Rights Act

42. The allegations contained in preceding paragraphs of the Complaint are re-alleged and incorporated by reference as though fully set forth herein.

43. Plaintiff is African American over the age of 60.

44. The Defendant discriminated against Plaintiff by, refusing to rent available 1 bedroom apartment after non-renewal of lease thereby evicting for discriminatory reason.

45. Plaintiff lived in unhabitable apartment admitted by Defendant who evicted Anthony Parker to make apartment livable and raise rent

46. Defendant has discriminated against Plaintiff in violation of The Fair Housing Act and Title VIII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq., as amended by the Civil Rights Act of 1988 ("Title VIII"), by subjecting Plaintiff to different treatment on the basis of his race and age . Plaintiffs have suffered disparate treatment as a result of Defendants wrongful conduct.

47. Defendant has discriminated against Plaintiff because he is black male and over the age of 60. All evicted tenants within a protected class, including but not limited to, 30-year tenant, white handicapped male and white female 20-year tenant, who suffered housing discrimination. in violation of Fair Housing Act and Title VIII.

48. Defendant's conduct has been intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard of the rights of Plaintiff, entitling Plaintiff to punitive damages.

49. Defendant is liable for its agents and employees, due to its failure to address issues of Housing discrimination and harassment of which it was aware.

50. As a result of Defendant's conduct as alleged in this complaint, Plaintiff has suffered and continues to suffer harm, including but not limited to loss of housing, housing expense to relocate, costs and expenses, and other financial loss, as well as humiliation, inconvenience, embarrassment, emotional and physical distress, and mental anguish.

51. By reason of Defendant's discrimination, Plaintiff is entitled to all remedies available for violations of Fair Housing and Title VIII, including an award of punitive damages.

52. Pro Se fees should be awarded because Plaintiff declares he obtained a Para Legal degree from Ivy Tech Community College located in Indianapolis Indiana.

## SECOND CAUSE OF ACTION

Gov't Code § 12927(a) and Civil Code § 51(b. Cal. Gov't Code § 12927; Cal. Civ. Code § 51 et seq; 2010 Tennessee Code Title 66 – Property Chapter 28 - Uniform Residential Landlord and Tenant Act Part 5 - Enforcement and Remedies 66-28-514 - Retaliatory conduct prohibited.

### (Retaliation)

53. Plaintiff hereby re-alleges and incorporates by reference the allegations in the preceding paragraphs as thoroughly set forth fully herein.

54. Defendant retaliated against Plaintiff because he complained about roach infestation.

55. Defendants' Position Statement P.3, 2nd ¶, "to look at any other properties we have available
that fit your needs," But no apartments available for Plaintiff who must move out with in 30
days. Defendant Hunter Meredith responded Plaintiff made over 18 maintenance complaints as
reason lease was not renewed.

- 2010 Tennessee Code Title 66 – Property Chapter 28 - Uniform Residential Landlord and Tenant
  Act Part 5 - Enforcement and Remedies 66-28-514 - Retaliatory conduct prohibited. (a)  Except
  as provided in this section, a landlord may not retaliate by increasing rent or decreasing services
  or by bringing or threatening to bring an action for possession because the tenant: (1)  Has
  complained to the landlord of a violation under § 66-28-301; or (2)  Has made use of remedies
  provided under this chapter.

56. The Plaintiff was a tenant with Defendant with no substantiated rental tenant issues. Prior to
complaining about roach infestation and a good rental tenant. Plaintiff suffered living in
unhabitable condition admitted by Defendant. Plaintiff complained of race and age
discrimination to Defendant as reason for non-renewal of lease.

57. Federal courts have determined that property owners held liable for the discrimination of their
agents under the theory of respondent superior.

58. That as a direct and proximate result of Defendant's actions, Plaintiff has suffered
compensatory damages including, but not limited to, damages to finding new apartment and
moving expenses and, mental anguish in of $10,000.00 for which Defendant is liable.

59. Defendants' retaliatory acts and conduct were willful and wanton and in gross
reckless disregard of the rights of Plaintiff, and as such, Plaintiff entitled to
punitive damage in an amount in excess of $75,000.00, for which Defendant is liable.

### THIRD CAUSE OF ACTION
Uniform Commercial Code & 2a-207 Course of Performance or Practical Construction § 2A-
207. COURSE OF PERFORMANCE OR PRACTICAL CONSTRUCTION.

60. Plaintiffs hereby re-alleges and incorporates by reference the allegations in the preceding
paragraphs as thoroughly set forth fully herein.

61. Plaintiff was a good tenant for 2 years with no complaints from Defendant.

62. Through the conduct of Defendant's and Defendants' agent MMC, including but not limited to
Hunter Meredith, acting in their official capacity and on behalf of Defendant. Plaintiff' signed
rental lease agreement with Defendant promising to maintain a livable apartment. Plaintiff

denied right under Tennessee and California law for adequate to time to find a suitable apartment. Here the Defendant evicted Plaintiff in retaliation reporting roach infestation including on discrimination of a member in a protected class of race, and age.

63. Plaintiff given 30 days to move out while Defendant denial to renew yearly rental lease.

- See, Smith v. Holt, 29 Tenn. App. 31, 37, 193 S.W.2d 100, 102 (1945), If the tenancy is from year to year, the notice must be given six months before the end of the year; if it is from quarter to quarter, month to month, or week to week, a notice of a quarter, a month, or a week, respectively, must be given before the end of the period.

64. Section 26 of lease: '….except for condition material affecting the health or safety of ordinary persons. We disclaim all implied warranties. You'll be given an Inventory and Condition form on or before move-in. You must note on the form all defects or damage and return it to our representative. Otherwise, everything will be considered to be clean, safe, and good working condition." Defendant did not eradicate the infestation of roaches therefore lease agreement severed.

- See McGhee v. Shelby Cnty. Gov't, No. W2012-00185-COA-R3-CV, 2012 Tenn. App. LEXIS 375 (Ct. App. June 11, 2012). Inclusion of a severability clause in a commercial agreement reflects the parties' intent to include valid provisions of the agreement,

65. Here the nexus to discrimination is the Respondents' action does not consider Anthony Parker as an ordinary person. As Hunter Meredith in 2021 during a maintence visit for roaches, said "I DON'T SEE EVIDENCE OF ROACHES." Plaintiff immediately presented one of many glue traps full of roaches.

66. Section 27 of lease, "and other conditions that pose a hazard to property, health or safety." The bathroom toilet with severe water damage and roach infestation not a health and safety concern for Respondent for over 2 years. See inventory and condition form with lease as parole evidence disputed by Defendant.

67. Section 46 of rental lease; "Move Out Procedure; The move out date can't be changed unless we and you both agree in writing." Additionally, Section 51. SEVERABLILTY listed to uphold enforceable portions of the boiler plate lease agreement. The Defendant uses 45-day notice of non-renewal when Claimant pleaded with Respondent for more time.

68. Defendant after 2 years of renting an uninhabitable apartment attempt to denounce reason for discriminatory eviction. Anthony Parker moved into apartment on July 1, 2020, with no repairs

after move in. Defendants' actions in evicting Plaintiff on account of his race, and in retaliation
for complaining about unhabitable living condition violated the express public policy of the
State of Tennessee and California. Thus, the eviction and refusal provide more time to find
suitable 1 bedroom apartment was wrongful and unlawful.

69. As a direct and proximate result of Defendant's discriminatory conduct Plaintiff has
suffered a financial lost, pain, suffering and mental and emotional distress. Plaintiff is thereby
entitled to general and compensatory damages in amounts to be proven at trial.

70. That the acts and conduct on the part of Defendant was willful and wanton and in gross
and reckless disregard of the rights of the Plaintiff, and as such, Plaintiff is entitled to
punitive damages in an amount including reimbursement of rent in the amount of $16,800.00
living in unhabitable roach infested apartment, for which Defendant is liable.

71. As a direct and proximate result of Defendant's negligent supervision and retention of
employees, agents and servants, Plaintiff has suffered and suffered financial loss searching for
apartment, pain and suffering living in roach infested apartment, and mental and emotional
distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be
proved at trial.

**NOW, THEREFORE**, the Plaintiff prays unto the Court as follows:

1. That the Court issue a declaration that defendant have violated the plaintiffs' legal rights.

2. That Plaintiff recover from Defendant compensatory damages against Defendant for the Title
VIII of the CIVIL Rights Act of 1968 as amended by the Fair Housing Act of 1988 & the
Tennessee Human Rights Act ; Gov't Code § 12927(a) and Civil Code § 51(b. Cal. Gov't
Code § 12927; Cal. Civ. Code § 51 et seq; 2010 Tennessee Code Title 66 – Property Chapter
28: Uniform Commercial Code & 2a-207 representing all lost benefits of tenant in apartment
rental lease agreement and compensatory damages, including but not limited to loss of
enjoyment of apartment, loss of benefits, rental money and moving expenses, loss of
reputation, emotional distress and inconvenience, for an amount in excess of $75,000.00, which
amount shall be determined specifically at the trial of this action;

3. That Plaintiff recovers the 2 years of monthly rental of $16,8000 cost loss in the enjoyment for
roach infestation which he is entitled under the lease.

4. That plaintiffs recover punitive damages in an amount in the discretion of the jury.

5. That plaintiff recover the costs of this action, including reasonable para legal fees for his representation herein.

6. That this Court award pre-judgment and post-judgment interest on all amounts recovered herein, and

7. That this Court grant such other relief as it deems just and appropriate.

This the 10th day of February 2023,

Anthony Parker

## CERTIFICATE OF SERVICE

I certify that on February 10, 2023, a copy of Plaintiff's Complaint filed with the Clerk of Court by first class mail as addressed as shown below:

George E. Brown, Jr
Federal Building & United States Courthouse
3470 Twelfth Street
Riverside, CA 92501-3801

Anthony Parker
825 S. Church St. 2655
Murfreesboro, TN. 37133

# EXHIBITS

**A-HUD Complaint**

**B-Right to Sue Letter**

**C- Inventory and Condition Form**

**REFERRAL: FW: HUD Fair Housing Complaint - ANTHONY PARKER (TN HRC)**

Complaints Office 04 <complaintsoffice04@hud.gov>
To:aparke42@yahoo.com
Mon, Jun 6, 2022 at 12:27 PM
Dear ANTHONY PARKER,

Please do not reply to this email.

This is to acknowledge receipt of the complaint.  The complaint has been referred to the following agency for assessment and possible investigation:

Tennessee Human Rights Commission
312 Rosa L. Parks Avenue
23rd Floor
Nashville, TN 37243-1102
PH: (615) 741-5825

Please follow up with the agency above for any questions regarding the status of the claim.

Sincerely,

U.S. Department of Housing and Urban Development
Region IV Office of Fair Housing and Equal Opportunity
Five Points Plaza
40 Marietta Street, 16th Floor
Atlanta, GA 30303-2806

From: donotreply@hud.gov <donotreply@hud.gov>
Sent: Wednesday, June 01, 2022 1:28 PM
To: Complaints Office 04 <ComplaintsOffice04@hud.gov>
Subject: HUD Fair Housing Complaint - ANTHONY PARKER

| Personal Information:<br><br>First Name: ANTHONY<br>Last Name: PARKER<br>E-Mail: aparke42@yahoo.com<br>Address: 1434 E. MAIN ST. #24<br>City: MURFREESBORO<br>State: TN<br>Zip: 37130<br>Day Time Phone: 3176506051<br>Evening Phone: 3176506051<br>Best Time To Call: Day | Who do you believe discriminated against you?:<br><br>First Name: HUNTER<br>Last Name: MEREDITH<br>Organization: MMC PROPERTIES<br>Address: 2911 Middle Tennessee Blvd. Murfreesboro, TN 37130<br><br>Where did the alleged act of discrimination occur?:<br><br>Address: 1434 E. MAIN ST. #24<br>City: MUFREESBORO<br>State: TN<br>Zip: 37130 |

| First Contact Information: | Second Contact Information: |
|---|---|
| 1. First Name: NA<br>Last Name: NA<br>Organization:<br>Day Time Phone: NA<br>Evening Phone:<br>Best Time To Call: Day | 2. First Name:<br>Last Name:<br>Organization:<br>Day Time Phone:<br>Evening Phone:<br>Best Time To Call: Day |

**What happened?:**

Given notice to vacate property by June 30, 2022. Recently received notice to vacate apartment located at 1434 E. Main St. #24, Murfreesboro, TN. 37130. Hunter Meredith manager for Management & Marketing Concepts, Inc. not renewing my lease in retaliation for complaints made. Hunter Meredith admits in email why lease is not being renewed. Moreover, not renewing the lease in retaliation violates the law in Tennessee. Additionally, I believe Hunter Meredith refusal to renew lease because I am a Black Man over the age of 60 years old. There exist no violation of boiler plate lease agreement. Emai

**Why do you believe you are being discriminated against?:**

Email reply from manager Hunter Meredith admits having to many maintenance complaint reason for not renewing lease. No other tenants are Black males over the age of 60. Moreover given less than 60 days to move with a year to year tenancy. 2010 Tennessee Code Title 66 ? Property Chapter 28 - Uniform Residential Landlord and Tenant Act, Part 5 - Enforcement and Remedies, 66-28-514 - Retaliatory conduct prohibited. If the tenancy is from year to year, the notice must be given six months before the end of the year; if it is from quarter to quarter, month to month, or week to week, a notice of a quarter, a month, or a week, respectively, Smith v. Holt, 29 Tenn. App. 31, 37, 193 S.W.2d 100, 102 (1945) & Plemons v. Moses, No. E200002781COAR3CV, 2001 WL 839043, at *5 (Tenn. Ct. App. July 24, 2001)

**When did the last act of discrimination occur?:**

05/11/2022

**Is the alleged discrimination continuous or on going?:**

Yes

### Housing Discrimination Complaint

**Case Number:**

1.   **Complainants:**
     Anthony Parker
     1434 E. Main Street, #24
     Murfreesboro, TN 37130

2.   **Complainant Representatives:**

3.   **Other Aggrieved Parties:**

4.   **The following is alleged to have occurred or is about to occur:**
     - Discriminatory refusal to rent
     - Discriminatory terms, conditions, privileges, or services and facilities
     - Discrimination in terms/conditions/privileges relating to rental
     - Otherwise deny or make housing unavailable

5.   **The alleged violation occurred because of:**
     - Race
     - Gender
     - Color

6.   **Address and location of the property in question (or if no property is involved, the city and state where the discrimination occurred):**
     Management & Marketing Concepts, Inc.
     1434 E. Main Street, #24
     Murfreesboro, TN 37130

7.   **Respondents:**
     Hunter Meredith, Property Manager
     Management & Marketing Concepts, Inc.
     2911 Middle Tennessee Blvd
     Murfreesboro, TN 37130

     Management & Marketing Concepts, Inc.
     Registered Agent: Jeffrey L Reed
     16 N Public Sq
     Murfreesboro, TN 37130-3633

Staysail Properties LLC
156 Golden Hind Passage
Corte Madera, CA 94925

8.     **The following is a brief and concise statement of the facts regarding the alleged
violation:**
Complainant Anthony Parker is protected from unlawful housing discrimination because
of his race, color, and gender. Complainant resides at 1434 E. Main Street, #24,
Murfreesboro, Tennessee 37130. The subject property is owned by Respondent Staysail
Properties LLC, managed by Respondent Management & Marketing Concepts, Inc.
through Respondent Hunter Meredith, Property Manager.

The following is a summary of Complainant's allegations: he is the only black African
American male that is not getting his lease renewed because he reported too many
maintenance requests regarding roaches in the unit. Respondent Meredith issued a lease
non-renewal notice on May 11, 2022, to vacate by June 30th.

Complainant believed the Respondents failed to provide maintenance services and are
evicting him from the unit because of his race, in violation of the federal Fair Housing
Act and the Tennessee Human Rights Act.

9.     **The most recent date on which the alleged discrimination occurred:**
May 11, 2022, and is continuing.

10.    **Types of Federal Funding Identified:**

11.    **The acts alleged in this complaint, if proven, may constitute a violation of the
following sections:**
804(a)-(b) of Title VIII of the Civil Rights Act of 1968 as amended by the Fair Housing
Act of 1988.

Sections 4-21-601(a)(1)-(2) of the Tennessee Human Rights Act.

**Please sign and date this form:**
**I declare under penalty of perjury that I have read this complaint (including any
attachments) and that it is true and correct.**

_____          6/23/22
_____          _____
Anthony Parker                                     Date
N O T E: HUD WILL FURNISH A COPY OF THIS COMPLAINT TO THE PERSON OR
ORGANIZATION AGAINST WHOM IT IS FILED.

ROGER W. HUDSON
JEFFREY L. REED
NICK C. CHRISTIANSEN
DANIEL W. AMES
MATTHEW Z. HUFFER
D. RANDALL MANTOOTH, OF COUNSEL
MATTHEW T. MOFFITT



**HUDSON, REED & CHRISTIANSEN**, PLLC
ATTORNEYS AT LAW

16 PUBLIC SQUARE NORTH
P.O.BOX 884 (37133-0884)
MURFREESBORO, TN 37130
PHONE: (615) 893-5522
FAX: (615) 849-2135
WWW.MBOROLAW.COM

June 29, 2022

Tennessee Human Rights Commission
Knoxville Office
c/o Saadia L. Williams
7175 Strawberry Plains Pike, Suite 201
Knoxville, TN 37914-7003

> **RE:** **Parker, Anthony v. Staysail Properties, LLC, et al.**
> **THRC # 22-064**
> **HUD # 04-22-1733-8**

Dear Ms. Williams:

I represent Staysail Properties, LLC, and Management & Marketing Concepts, Inc., (collectively "Respondents"). I write to provide a position statement and information responding to the above-referenced discrimination complaint.

### 1. *Please provide a written statement on your position regarding this complaint.*

Mr. Parker alleges Respondents engaged in the following:

1. Discriminatory refusal to rent
2. Discriminatory terms, conditions, privileges, or services and facilities
3. Discrimination in terms/conditions/privileges relating to rental
4. Otherwise deny or make housing unavailable

Mr. Parker alleges that the alleged violations occurred because of his race, gender, and/or color. Mr. Parker claimed that "he is the only black African American male that is not getting his lease renewed because he reported too many maintenance requests regarding roaches in the unit. Respondent Meredith issued a lease non-renewal notice on May 11, 2022, to vacate by June 30th."

Respondents firmly deny each claim. Respondents did not base any decision related to Mr. Parker's tenancy based on race, gender, or color. Respondents did not discriminate against Mr. Parker in the terms, conditions, or privileges of rental of real property or otherwise violate Tenn. Code Ann. § 4-21-601. Pursuant to *Lindsay v. Yates*, a claimant "who alleges discrimination on the basis of race must make out a prima facie case by showing '(1) that he or she is a member of a racial minority, (2) that he or she applied for and was qualified to rent or purchase certain property or housing, (3) that he or she was rejected, and (4) that the housing or rental property remained

1

available thereafter.'" 498 F.3d 434, 438–39 (6th Cir. 2007). "If the plaintiff satisfies the prima facie requirements, the burden shifts to the defendant to produce evidence of a legitimate, non-discriminatory reason for rejecting the plaintiff." *Id.* at 439. Here, Mr. Parker cannot meet the initial requirement and the Respondents can produce evidence of a legitimate, non-discriminatory reason for rejecting Mr. Parker.

While Mr. Parker states that he is the only African American male that is not having his lease renewed because he made too many maintenance requests, that statement is simply not based in fact. Instead, Mr. Parker was asked to move because Respondents planned to (1) renovate Unit 24; (2) raise rental rates in order to be consistent with increasing rental rates; and (3) repair any alleged deficiencies to Unit 24. According to the lease agreement (attached hereto as Exhibit "1"), Mr. Parker's lease of Unit 24 was set to end on June 30, 2022. Mr. Parker's rental rate is also one of the lowest among the one (1) bedroom apartments located in the apartment complex.

The apartment building at issue is an older apartment building that is forty (40) years old and has not had major improvements in over a decade. It is generally very dated in décor and in need renovation to be more current and contemporary to meet expectations. Because of the extensive nature of the renovations needed, including painting, cabinet renovations, HVAC mechanical work, fixture replacements, bathroom renovations, and new floors throughout, it is best to complete those renovations as leases expire. The property renovation of the 1434 East Main St. apartments has been ongoing due to the age of the complex and the need to create a more contemporary look to remain competitive in the market. Respondents recently non-renewed a white female (Unit 22) (attached hereto as Exhibit "2") and a white male (Unit 26) (attached hereto as Exhibit "3") in order to perform renovations on their respective units. As shown in the pictures attached hereto as Collective Exhibit "4", Unit 22, like Unit 24, shows the age of the complex and the need to renovate the complex. As shown in the pictures attached hereto as Collective Exhibit "5", Respondents are actively working on renovating Unit 22. As you can see from the pictures attached hereto as Collective Exhibit "6", Unit 26 also clearly showed the age of the complex and the need for renovations and repairs. The after pictures (attached hereto as Collective Exhibit "7") show the desired look for the units. As you can see from all of these pictures, the renovations are significant, which is why they are better performed without a tenant in the unit.

Respondents followed the same process used with Units 22 and 26 with Mr. Parker's Unit 24. (*See* Exhibits "2" and "3"). Respondents waited for the lease to be nearing the end of the lease term and provided proper notice of non-renewal (attached hereto as Exhibit "8") in order to ensure that the unit was empty and ready for renovations. Mr. Parker's Unit 24, which is located above Unit 22, was next in line to be renovated. Unit 24 is just as old as Units 22 and 26 and needs the same renovations and repairs that Units 22 and 26 needed. In fact, Mr. Parker made numerous complaints to Respondents regarding issues with his Unit 24. (*See* Collective Exhibit "9"). Mr. Parker's complaints were taken seriously by Respondents who considered the complaints when deciding which unit needed to begin renovations next.

In order to begin the renovation process, Respondents sent Mr. Parker a Non-Renewal of Lease—Notice to Vacate on May 11, 2022 (Exhibit "8") informing Mr. Parker that his lease would terminate at the end of the lease term. The Non-Renewal complied with local, state, and federal laws as well as the Lease Agreement. Pursuant to Section 3 of the Lease Agreement, "[t]his Lease

Contract will automatically renew month-to-month unless either party gives at least 30 days written notice of termination or intent to move-out as required by paragraph 45 (Move-Out Notice)." *See* Exhibit "1". As stated above, Mr. Parker received the same non-renewal that was sent to the prior tenants of both Unit 22 and Unit 26. (Compare Exhibits "2" and "3" with Exhibit "8"). In other words, Respondents did not discriminate against Mr. Parker based on race, gender, or color as they sent the exact same non-renewal to a white male (Unit 26) and a white female (Unit 22).

On May 11, 2022, Hunter Meredith with Management & Marketing Concepts, Inc., sent an email (attached hereto as Exhibit "10"), which informed Mr. Parker that renovations could not be made to occupied units. In the May 11, 2022, email, Respondents offered Mr. Parker the opportunity "to look at any other properties we have available that fit your needs." (*See* Exhibit "10"). Therefore, not only did Respondents not discriminate against Mr. Parker regarding a refusal to rent, but Respondents offered Mr. Parker other properties that they had for rent.

The Complaint also appears to state that Mr. Parker believes Respondents failed to provide maintenance services and are evicting Mr. Parker from the unit because of his race. Likewise, these allegations are simply not true. Respondents promptly responded to all of Mr. Parker's maintenance requests. (*See* Exhibit "9").

In conclusion, Respondents did not discriminate against Mr. Parker. Mr. Parker is asserting bad faith claims against Respondents in order to disrupt the business operations of Respondents and to remain in the unit past the end of the lease term. Accordingly, the Respondents respectfully request that the Complaint be dismissed promptly and in its entirety.

> **2. *Are you represented by an attorney?***

Please allow this letter to serve as our letter of representation.

> **3. *Please indicate whether Staysail Properties, LLC, receives federal financial assistance.***

Respondent Staysail Properties, LLC, does not receive any federal financial assistance.

> **4. *Please verify whether Staysail Properties, LLC, receives Low Income Housing Tax Credit.***

Respondent Staysail Properties, LLC, does **not** receive Low Income Housing Tax Credit.

> **5. *Please provide a list of all properties owned by Staysail Properties, LLC, where you are owner or part owner and all properties managed by Management & Marketing Concepts, Inc., in the State of Tennessee.***

Staysail Properties, LLC:

1434 E. Main St., Murfreesboro, TN 37130

3

<u>Management & Marketing Concepts, Inc.:</u>

| | |
|---|---|
| 902 Greenland Dr. Apartments | Northfield Lodge Apartments |
| 1418 E. Main St. Apartments | St. Andrews Apartments |
| 1434 E. Main St. Apartments | Summer Creek Apartments |
| 1440 Old Lascassas Townhomes | Summit Townhomes |
| College Park Apartments | Ridley Plaza (Commercial) |
| Hamlet Square Townhomes | University Lofts |
| Kingwood Apartments | Village at Elam Farms |
| Lofts at Gateway Commons | Vintage Burkitt Station |
| Northfield Commons Apartments | Village at Old Fort |
| 3343 Memorial Apartments | |

443 Units of Single Family Homes, Townhouses, Condos

6. ***Please indicate the number of homes/units/lots/pads located at 1434 E. Main St. Apartments.***

28 Units.

7. ***Please provide a list of any witness, including name, contact information, and information of relevancy.***

Tom Dougherty – Property Owner – (415) 505-0203
Paige Potter – Employee of Management & Marketing Concepts, Inc. – (615) 849-9006
Ciara Rowland – Employee of Management & Marketing Concepts, Inc. – (615) 849-9006

8. ***Are you interested in Conciliation of this matter?***

No. Neither Landlord nor the Property Management Company did anything unlawful. Respondents are entitled to renovate their property.

As stated above, Mr. Parker's claims simply do not rise to the level of illegal discrimination by the Respondents. The Respondents respectfully request that the Complaint be dismissed promptly and in its entirety.

We hope that this is responsive to the questions raised and the information requested. If there is more information necessary, or helpful, please let me know.


Sincerely,


Daniel W. Ames, Esq. (BRP 36720)


cc:    Hunter Meredith
       Management & Marketing Concepts, Inc.
       P.O. Box 10298
       Murfreesboro, TN 37129

       Staysail Properties, LLC
       156 Golden Hind Passage
       Corte Madera, CA 94925

       Anthony Parker
       1434 E. Main St., Unit 24
       Murfreesboro, TN 37130

## INVENTORY AND CONDITION FORM



**DWELLING UNIT DESCRIPTION.** Unit No. _____24_____ _____1434 E Main Street_____
_____ (street address) in
_____Murfreesboro_____ (city), Tennessee, _____37130_____ (zip code).
**LEASE CONTRACT DESCRIPTION.** Lease Contract date: _____June 26, 2020_____ Owner's name: **Management &**
**Marketing Concepts, Agent**

Residents (list all residents):
**Anthony Parker**

You must note on this form all defects or damage and return it to our representative. Otherwise, everything will be considered to be in a clean, safe, and good working condition. Please mark through items listed below if they don't exist. This form protects both you (the resident) and us (the owner). We'll use it in determining what should and should not be considered your responsibility upon move-out.

Resident's Name: **Anthony Parker**
Home Phone: (_____) _____ Work Phone: (_____) _____

Resident's Name: _____
Home Phone: (_____) _____ Work Phone: (_____) _____

Resident's Name: _____
Home Phone: (_____) _____ Work Phone: (_____) _____

Resident's Name: _____
Home Phone: (_____) _____ Work Phone: (_____) _____

Resident's Name: _____
Home Phone: (_____) _____ Work Phone: (_____) _____

Resident's Name: _____
Home Phone: (_____) _____ Work Phone: (_____) _____

Resident's Name: _____
Home Phone: (_____) _____ Work Phone: (_____) _____

### ☐ Move-In or ☐ Move-Out Condition (Check one)

**Living Room**
Walls _Old repairs on walls_
Wallpaper —
Plugs, Switches, A/C Vents _dirty_
Woodwork/Baseboards _damaged_
Ceiling _OK_
Light Fixtures, Bulbs _dirty and old_
Floor/Carpet _damaged_

Doors, Stops, Locks _paint chips_
Windows, Latches, Screens _paint_
Window Coverings _torn on edges_
Closets, Rods, Shelves _OK_
Closet Lights, Fixtures _old, dirty_
Lamps, Bulbs _old dirty bulbs_
Other _Chew cut working for ceiling light_

**Kitchen**
Walls _old repairs on walls_
Wallpaper —
Plugs, Switches, A/C Vents _dirty_
Woodwork/Baseboards _damaged_
Ceiling _OK_
Light Fixtures, Bulbs _dirty_
Floor/Carpet _damaged_

Doors, Stops, Locks _OK_
Windows, Latches, Screens _paint on windows_
Window Coverings _paint_
Cabinets, Drawers, Handles _paint chips-scratchy_
Countertops _OK_
Stove/Oven, Trays, Pans, Shelves _damaged_
Vent Hood _OK_
Refrigerator, Trays, Shelves _OK_
Refrigerator Light, Crisper _OK_

Dishwasher, Dispensers, Racks _N/A_
Sink/Disposal _damages + roaches_
Microwave _N/A_
Other _N/A_

**General Items**
Thermostat _N/A_
Cable TV or Master Antenna _N/A_
A/C Filter _Old_
Washer/Dryer _N/A_
Garage Door _N/A_
Ceiling Fans _old + dirty_
Exterior Doors, Screens/Screen Doors, Doorbell _Sticks_
Fireplace _N/A_
Other _Spots on carpeting_
_Roaches_

**Dining Room**
Walls _N/A_
Wallpaper _damaged_
Plugs, Switches, A/C Vents _dirty_
Woodwork/Baseboards _____
Ceiling _____
Light Fixtures, Bulbs _chew for ceiling fan not work_
Floor/Carpet _Stains_

Doors, Stops, Locks _paint cracks_
Windows, Latches, Screens _____
Window Coverings _paint stains_
Closets, Rods, Shelves _paint chips and scratchy_
Closet Lights, Fixtures _paint chips scratchy_
Other _Roaches come out_
_of sink_

1) cracks around sink
2) paint chips on baseboards
(Wear and tear through our apt.) no

**Halls**

Walls _____

_____

Wallpaper _____
Plugs, Switches, A/C Vents _____
Woodwork/Baseboards _____
Ceiling _____
Light Fixtures, Bulbs _____
Floor/Carpet _____

_____

Doors, Stops, Locks _____
Closets, Rods, Shelves _____
Closet Lights, Fixtures _____
Other _____

**Exterior** *(if applicable)*
Patio/Yard __Dog *Att pup*_____
Fences/Gates/Gate Latches or locks _____
Faucets _____
Balconies _____
Other _____

**Bedroom** *(describe which one):*
Walls __Wear and Tear_____

_____

Wallpaper __Wear + tear_____
Plugs, Switches, A/C Vents __A/c vent not workin__
Woodwork/Baseboards __Wear + tear_____
Ceiling __wear + tear_____
Light Fixtures, Bulbs __dirty_____
Floor/Carpet __Wear + tear_____

_____

Doors, Stops, Locks _____
Windows, Latches, Screens __falls off excess__
Window Coverings __wear + tear_____
Closets, Rods, Shelves __wear + tear_____
Closet Lights, Fixtures __Wear + tear_____
Other _____

**Bedroom** *(describe which one):*
Walls _____

_____

Wallpaper _____
Plugs, Switches, A/C Vents _____
Woodwork/Baseboards _____
Ceiling _____
Light Fixtures, Bulbs _____
Floor/Carpet _____

_____

Doors, Stops, Locks _____
Windows, Latches, Screens _____
Window Coverings _____
Closets, Rods, Shelves _____
Closet Lights, Fixtures _____
Other _____

**Bath** *(describe which one):*
Walls _____

_____

Wallpaper __wear + tear_____
Plugs, Switches, A/C Vents __wear + tear____
Woodwork/Baseboards __paint chips_____
Ceiling __wear + tear_____
Light Fixtures, Bulbs __wear + tear_____
Exhaust Fan/Heater __wear + tear_____
Floor/Carpet __wear + tear_____

_____

Doors, Stops, Locks _____
Windows, Latches, Screens _____
Window Coverings _____
Sink, Faucet, Handles, Stopper _____
Countertops _____
Mirror _____
Cabinets, Drawers, Handles _____
Toilet, Paper Holder __Slot - wear + tear__
Bathtub, Enclosure, Stopper _____

Shower, Doors, Rods _____
Tile _____
Other __bath drain slw_____

**Half Bath**

Walls _____

_____

Wallpaper _____
Plugs, Switches, A/C Vents _____
Woodwork/Baseboards _____
Ceiling _____
Light Fixtures, Bulbs _____
Exhaust Fan/Heater _____
Floor/Carpet _____

_____

Doors, Stops, Locks _____
Windows, Latches, Screens _____
Window Coverings _____
Sink, Faucet, Handles, Stopper _____
Countertops _____
Mirror _____
Cabinets, Drawers, Handles _____
Toilet, Paper Holder _____
Tile _____
Other _____

**Bedroom** *(describe which one):*
Walls _____

_____

Wallpaper _____
Plugs, Switches, A/C Vents _____
Woodwork/Baseboards _____
Ceiling _____
Light Fixtures, Bulbs _____
Floor/Carpet _____

_____

Doors, Stops, Locks _____
Windows, Latches, Screens _____
Window Coverings _____
Closets, Rods, Shelves _____
Closet Lights, Fixtures _____
Other _____

**Bath** *(describe which one):*
Walls _____

_____

Wallpaper _____
Plugs, Switches, A/C Vents _____
Woodwork/Baseboards _____
Ceiling _____
Light Fixtures, Bulbs _____
Exhaust Fan/Heater _____
Floor/Carpet _____

_____

Doors, Stops, Locks _____
Windows, Latches, Screens _____
Window Coverings _____
Sink, Faucet, Handles, Stopper _____
Countertops _____
Mirror _____
Cabinets, Drawers, Handles _____
Toilet, Paper Holder _____
Bathtub, Enclosure, Stopper _____
Shower, Doors, Rods _____
Tile _____
Other _____

**Safety-Related Items** *(Put "N/A" if not applicable)*
Door Knob Locks _____
Keyed Deadbolt Locks _____

Keyless Deadbolts _____

Sliding Door Pin Locks _____
Sliding Door Latches _____

Sliding Door Secutity Bars _____          Other _____
Doorviewers _____                                _____
Window Latches _____                            _____
Porch and Patio Lights _____
Smoke Detectors _____                          Date of Move-In: _____
Alarm System _____                              *or*
Fire Extinguishers (look at charge level BUT DON'T TEST!)    Date of Move-Out: _____

Garage Door Opener _____
Gate Access Card(s) _____

**SPECIAL PROVISIONS.**   The following special provisions control over conflicting provisions of this printed form:

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Acknowledgment.** You acknowledge that you have inspected and tested all of the safety-related items (if in the dwelling) and that they are working, except as noted above. All items will be assumed to be in good condition unless otherwise noted on this form. You acknowledge receiving written operating instructions on the alarm system and gate access entry systems (if there are any). You acknowledge testing the smoke detector(s) and verify that they are working. You acknowledge that you and management have inspected the apartment unit and that no signs of bedbugs or other pests are present. This unit is in a decent, safe and sanitary condition.

*In signing below, you accept this inventory as part of the Lease Contract and agree that it accurately reflects the condition of the premises for purposes of determining any refund due to you when you move out.*

**Resident or Resident's Agent:** _____     Date of Signing: 7/10/20

**Owner or Owner's Representative:** _____   Date of Signing: 7/10/20

## ESTIMATED CHARGES FOR REPAIRS, DAMAGES, ETC.

These charges are subject to change if actual charges are more than estimated. All other items not listed are charged at cost + labor + 10%

| | |
|---|---|
| Carpet Stains: Size of a quarter each | $35.00 |
| Carpet Burns: Cigarette Type (size) each | $50.00 |
| Carpet dirty beyond normal, i.e. mud/spills | $45.00 |
| Pet stains and enzyme treatments (each) | $125 - $200.00 |
| Kitchen appliances dirty: | |
| Range hood | $20.00 |
| Range | $35.00 |
| Dishwasher | $15.00 |
| Refrigerator | $35.00 |
| Microwave | $15.00 |
| Tub surround/tub dirty (each) | $25.00 |
| General cleanliness (minus tub & appliances) | $35.00 |
| Kitchen counter top burns | $100.00 |
| Range drip pans and rings | $35.00 |
| Range oven rack (each) | $45.00 |
| Broiler pan | $40.00 |
| Sink & tub chips (each) size of a quarter | $110.00 |
| Range and refrigerator chips (each) | $35.00 |
| Refrigerator crisper top | $55.00 |
| Medicine cabinet damages or glass broken | $35.00 |
| Ceramic tile broken or pulled loose (each) | $12.00 |
| Bathroom vanity mirror broken | $100.00 |
| Replacement keys (each) | $25.00 |
| Mailbox locks | $25.00 |
| Door locks (knob, deadbolt, etc. (each) | $35.00 |
| Passage knob lock interior doors (each) | $17.00 |
| Vinyl floor sheet goods per square yard | $12.00 |
| Dining room light fixture w/globe | $65.00 |
| Two coats of paint (per wall) | $100.00 |
| (color, candle/cigarette smoke, etc.) | |
| Broken window (average bill each) | $35.00-$85.00 |
| Window screen (each) | $35.00 |
| Patio screen (each) | $45.00 |
| Dirty AC filter | $25.00 |

| | |
|---|---|
| Patio glass door (each) | $185.00 |
| Garage door damages | $600.00 |
| Interior doors plus installation (each) | $108.00 |
| Exterior door replacement (each) | $385.00 |
| Patch/repaint doors w/nail holes (each) | $18.00 |
| Replace smoke detector (each) | $25.00 |
| Patch/sand nail & screw holes (each) | $ 4.00 |
| Patch holes (materials & labor) each | $15.00-$45.00 |
| Window Blinds (each) | $35.00 |
| Replace wall paper (per room) | $350.00 |
| Trash/Trash bag (each) | $25.00 |
| Ceilings Painted/repaired (minimum) | $85.00 |
| Washer/Dryer (clean) | $15.00 |
| Washer/Dryer (replace) | $650.00 |
| 15" light glove (kitchen type/each) | $35.00 |
| 5" – 10" light globe (hall type/each) | $20.00 |
| Small light fixture w/globe (each) | $25.00 |
| Door frame replacement/repair (each) | $150-$200.00 |
| Paneling chipped, scratched | $30.00 |
| Lawn care | $65.00 |
| Weeding ornamental areas | $45.00 |

I have read the above charges that will be administered to the apartment/home at the time of move-out if residence is not left in proper condition as to the property's standards.

| | | | |
|---|---|---|---|
| Resident | _Chris Roswell_ | Date | 7/10/20 |
| Resident | | Date | |
| Resident | | Date | |
| Resident | | Date | |
| Management | _Ciela Roswell_ | Date | 7/10/20 |





U.S. POSTAGE PAID
FCM LG ENV
MURFREESBORO, TN
37130
FEB 10, '23
AMOUNT
$2.46
R2305H129574-02
92501

UNITED STATES
POSTAL SERVICE
RDC 99

825, S. Church St, 2655
Murfreesboro, TN, 37133

Attn: Civil Clerk of Court

George E. Brown Jr.

Federal Building & US Courthouse

3470 Twelfth St

Riverside, CA, 92501-3801



CLERK, U.S. DISTRICT COURT
RECEIVED
FEB 14 2023
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION        BY DEPUTY